NO. 07-02-0126-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 8, 2003

_____


GILBERT ACOSTA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438250; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Gilbert Acosta appeals from his conviction for attempted burglary of a habitation with intent to commit arson and his sentence of 18 years imprisonment. We affirm.

On November 28, 2001, appellant was indicted on charges of arson and burglary of a habitation with intent to commit arson. The State elected to proceed on the latter charge. On January 22, 2002, the case was tried before a jury. On January 23, 2002, the jury found appellant guilty. A sentencing hearing was held on March 1, 2002, which resulted in the trial court sentencing appellant to 18 years incarceration.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

In reaching the conclusion that the appeal is frivolous, counsel advances four possible issues. Those issues are based on whether (1) the trial court erred in overruling appellant's objection that the State's notice to appellant of its intent to offer evidence of several extraneous offenses was untimely given, (2) the trial court erred in overruling any of appellant's objections during trial, (3) the trial court erred in not including an instruction on the lesser included offense of criminal mischief in the jury charge where such a charge was not requested by appellant's counsel, and (4) the failure of appellant's trial counsel

to request a jury instruction on the lesser included offense of criminal mischief constituted ineffective assistance of counsel.

After referencing, analyzing and discussing both the record, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court's judgment. See High, 573 S.W.2d at 813. Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response to counsel's motion and brief.

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed. 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is without merit.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.

Phil Johnson
Chief Justice


Do not publish.

3